UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUSTIN A. LOUIE,<br><br>                Plaintiff,<br><br>   v.<br><br>C/O FOO, SGT. BLIVEN, and<br>C/O THOMAS W. FRANTZ,<br><br>                Defendants. | NO. 2:16-CV-0336-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT; DENYING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are Defendants' Motion for Summary Judgment (ECF No. 33) and Plaintiff's Motion for Summary Judgment (ECF No. 41). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 33) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 41) is **DENIED as moot**.

//

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

Plaintiff Dustin A. Louie, a prisoner currently housed at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis*. ECF No. 16 at 1. On March 15, 2017, Plaintiff filed his unverified First Amended Complaint alleging violations of his Eighth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. ECF No. 15. Plaintiff seeks declaratory relief against Defendants Spokane County Detention Services, Corrections Officer Foo, and Sergeant Bliven. *Id.* at 1-3. The Court dismissed Plaintiff's claims against Spokane County Detention Services with prejudice, but his claims against Defendants Foo and Bliven remain, for which they were served. ECF Nos. 16 at 3; 18 at 1.

On December 27, 2017, Plaintiff filed an unverified Second Amended Complaint to add Officer Thomas W. Frantz. ECF No. 32.[1] Yet, Plaintiff failed to assert a short and plain statement showing that he is entitled to relief and his Second Amended Complaint (ECF No. 32) appears as a mere supplement to the First Amended Complaint (ECF No. 15). The Court instructed Plaintiff that he must file a second amended complaint that would operate as a complete substitute

---

[1] Plaintiff incorrectly spelled Officer Frantz last name using an "s" rather than a "z".

for the prior complaint. *See* ECF No. 31. Plaintiff failed to correctly file the Second Amended Complaint as instructed. In any event, since Plaintiff is proceeding *pro se* and the Court has the obligation to screen prisoner complaints, 28 U.S.C. § 1915A, the Court will simultaneously review the parties' motions for summary judgment and screen the allegations against Officer Frantz even though he has not been properly added or served at this time.

On January 26, 2018, Defendants filed a Motion for Summary Judgment, seeking a complete dismissal of Plaintiff's claims with prejudice. ECF No. 33. On February 6, 2018, the Court filed the required *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) notice instructing Plaintiff on the summary judgment rule requirements. ECF No. 40. Plaintiff did not timely respond to Defendants' Motion, but filed his own Motion for Summary Judgment on March 8, 2018. ECF No. 41. Defendants reply that Plaintiff's Memorandum in Support of Plaintiff's Summary Judgment (ECF No. 41) does not include any affidavits, provide a statement of disputed facts, offer any facts that were not plead in the First Amended Complaint, and was not timely. ECF No. 42 at 1-2.

## FACTS

The following are the undisputed facts unless otherwise noted. For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),

the court may … consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Plaintiff did not address Defendants' assertion of facts (ECF No. 34), as he did not file a response. In Plaintiff's unverified Motion for Summary Judgment, he asserted similar facts to those found in his unverified First Amended Complaint. *See* ECF Nos. 41 at 5-6; 15. The following facts are undisputed or deemed so due to Plaintiff's failure to properly address Defendants' facts and his complete failure to support his assertions of fact with admissible evidence.

### 1. July 27, 2016 Incident

On July 27, 2016, Officer Foo and Officer Frantz were working transport to superior court video. ECF No. 34 at ¶ 1. Plaintiff was escorted with eight other inmates into the video courtroom and once seated, he began talking to another inmate. *Id.* at ¶ 5. Officer Foo instructed Plaintiff that he was to stop talking when the judge took the bench, but Plaintiff continued to talk when the judge was on the bench. *Id.* at ¶¶ 6, 8. Officer Foo instructed Plaintiff to stop talking and the court clerk also told him to stop talking. *Id.* at ¶¶ 9-10.

After the third instruction, Plaintiff did not stop talking and Officer Foo told him to stand up and leave the courtroom, but Plaintiff refused to stand up.[2] *Id.* at

---

[2] Plaintiff claims Officer Foo threw his sandal/slipper towards the side of the room and Plaintiff then stood as told by Officer Foo. ECF Nos. 15 at 5; 41 at 5.

¶¶ 11-13.  Officers Foo and Frantz walked over and stood in front of Plaintiff,

Officer Foo again instructed Plaintiff to stand up and come with him.  *Id.* at ¶ 16.

Officer Foo told Plaintiff that if he did not get out of the chair, he would take him

out of the chair, but Plaintiff again refused to stand up.  *Id.* at ¶¶ 17-18.  Officer

Foo took Plaintiff's right arm and Officer Frantz took Plaintiff's left arm.  They

pulled him out of the seat to remove him from the courtroom.  *Id.* at ¶ 20.  Plaintiff

locked his hands together in front of him, and in the door he began to pull and twist

away from the officers.  *Id.* at ¶¶ 21-22.  The officers were unable to control him

and Officer Foo took Plaintiff to the floor using a hair hold technique.  *Id.* at ¶¶ 25-

26.  Plaintiff continued to resist on the ground and the officers instructed him to

stop resisting.  *Id.* at ¶¶ 27-28.  Officer Frantz delivered a fist strike to the lower

left back area of Plaintiff and instructed him to give Officer Frantz his hands, but

Plaintiff would not release his hands from their locked position under his body.  *Id.*

at ¶¶ 29-31.  Officer Frantz delivered a knee strike to the lower left back area and

Plaintiff released his grip.  *Id.* at ¶ 32.  Officer Frantz was then able to get

Plaintiff's left hand behind his back.  *Id.*  Officer Foo was also able to gain control

of Plaintiff's right arm behind his back.[3]  *Id.* at ¶ 33.

---

[3]     Plaintiff insists that his arm was pinned underneath him because Officer Foo

had the majority of his weight on Plaintiff's shoulder blade.  ECF Nos. 15 at 5; 41

Plaintiff was then handcuffed and escorted from the courtroom, but began resisting by twisting his body in the hallway. *Id.* at ¶ 35. Sergeant Bliven heard a call from transport stating they needed an elevator. He went to the elevator and observed several staff escorting Plaintiff. *Id.* at ¶¶ 36-37. Officers Frantz and Foo escorted Plaintiff to housing where he was then searched and the handcuffs were removed through the food slot. *Id.* at ¶ 39. Sergeant Bliven requested medical to see Plaintiff, but Plaintiff refused to come to the door or talk to the RN. *Id.* at ¶ 42. Plaintiff was seen approximately two weeks later for neck and side pain, but stated that the pain was better.[4] *Id.* at ¶ 43.

On July 27, 2016, Plaintiff was charged with violation of Major 14 – Refusing lawful order; Major 19 – Threat to staff; and Minor 12 – Inmates shall

---

at 5. Plaintiff states that Officer Foo then adjusted his position so that Plaintiff's arm was no longer pinned down. ECF Nos. 15 at 6; 41 at 5.

[4] Plaintiff contends that he wrote to the medical personnel because he had lost feeling in his toes and it took three weeks for him to receive the needed attention. ECF Nos. 15 at 6; 41 at 5. Plaintiff admits that he believes Sergeant Bliven told the nurse to come back and check on Plaintiff's medical condition once he was taken to segregated housing. ECF No. 41 at 5.

not interfere with staff members.  *Id.* at ¶ 70.  Plaintiff waived his right to a hearing and received placement in restrictive housing for seven days.  *Id.*

## 2. August 13, 2016 Incident

On August 13, 2016, Officer Vanatta was assigned duties as the break relief officer.  *Id.* at ¶ 44.  Plaintiff was screaming/singing loudly out his door and Officer Vanatta kicked his door and told him to knock it off.  *Id.* at ¶¶ 47-48.  Plaintiff claims a fellow inmate requested a prayer song and Plaintiff was singing.  ECF Nos. 15 at 6; 41 at 5.  Defendants assert that Plaintiff was yelling out his door to another inmate and Officer Vanatta again told Plaintiff to stop yelling, but he continued to yell.  ECF No. 34 at ¶¶ 51-54.  Officer Vanatta notified Sergeant Bliven via radio and requested Plaintiff be moved for not following directions and inciting.  *Id.* at ¶ 55.  Sergeant Bliven learned that the inmate was Plaintiff when he arrived.  *Id.* at ¶ 56.  Plaintiff was ordered multiple times to "cuff up" and after approximately three minutes he was handcuffed.[5]  *Id.* at ¶¶ 58-59.

Plaintiff was defiant during the escort and tried to pull away so he was walked doubled over.  *Id.* at ¶ 60.  Plaintiff attempted to stand up against staff and

---

[5]    Plaintiff contends that after he was told to "cuff up," he grabbed his legal work and on the way to the door saw Officer Foo and Sergeant Bliven.  ECF Nos. 15 at 6; 41 at 6.

he was placed on the floor without force.  *Id.* at ¶¶ 61-62.  Plaintiff was given

directives not to resist and to cooperate.  Plaintiff acknowledged the directives and

he was stood to his feet.[6]  *Id.* at ¶¶ 63-64.  Once in the cell, Plaintiff was searched

and the cuffs were removed through the food slot.  *Id.* at ¶ 66.  During med pass,

Plaintiff allegedly apologized to Officer Vanatta.[7]  *Id.* at ¶ 69.

On August 13, 2016, Plaintiff was charged with violation of Major 14 –

Refusing lawful orders and Minor 1 – Whistling, loud singing and shouting

prohibited.  *Id.* at ¶ 71.  Plaintiff waived his right to a hearing and moved to more

restrictive housing until August 16, 2016.  *Id.*

## DISCUSSION

### I.    Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed.

---

[6]    Plaintiff states that "it seemed I had a target on my back from the incident

that occurred on 7/27."  ECF Nos. 15 at 6; 41 at 6.  Plaintiff contends he was

walked bent forward and when he attempted to straighten his stance, he was

forcefully taken to the ground.  ECF Nos. 15 at 6; 41 at 6.

[7]    Plaintiff asserts that he received lacerations to both wrists and no medical

attention.  Plaintiff states he has scars from the incident.  ECF Nos. 15 at 6; 41 at 6.

R. Civ. P. 56(a).  For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  The moving party bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 256.

In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  The court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *Anderson*, 477 U.S. at 252.

## II.     Excessive Force under 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003)

(quoting 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficially construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 684 (1978)). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (brackets and emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In the Ninth Circuit, "[w]e analyze all claims of excessive force that arise during or before arrest under the Fourth Amendment's reasonableness standard, as guided by the Supreme Court's decision in *Graham v. Connor* …." *Coles v. Eagle*, 704 F.3d 624, 627 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Here, Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. ECF No. 15 at 5. Plaintiff was a pretrial detainee during the incidents and the Court thus considers his excessive force claim under the Fourth Amendment. *See* ECF No. 33 at 4.

In evaluating a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983, a court must determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*,

490 U.S. at 397.  This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and citations omitted).  The following considerations bear on the reasonableness of the force used:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015); *see also Graham*, 490 U.S. at 396.  "[T]he most important *Graham* factor is whether the suspect posed an immediate threat to the safety of the officers or others." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (internal quotations marks and citation omitted).

The reasonableness analysis is not limited to these factors; rather, "we examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*.'" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (citation omitted).  At bottom, the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him or her. *Graham,* 490 U.S. at 397.

This calculus must account for the fact that police officers are often "forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97. Consequently, the objective reasonableness of an officer's use of force must be judged from the perspective of a reasonable officer on the scene, "rather than with the 20/20 vision of hindsight." *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's excessive force claims cover two separate incidents and the Court addresses each incident below.

**A. Liability of Officer Foo – July 27, 2016 & August 13, 2016 Incidents**

First, the Court considers the July 27, 2016 incident, which involved both Officers Foo and yet to be served Officer Frantz. In regards to the need for force, the amount of force used, and efforts made to temper the severity of the force, Defendants emphasize that force was not used until Plaintiff refused to comply with numerous verbal orders and warnings and the use of force ended as soon as Plaintiff was under control. ECF No. 33 at 9. Defendants contend that Plaintiff would not stop talking in the courtroom and he received multiple warnings to be

quiet. ECF Nos. 33 at 8; 34 at ¶¶ 5-11. Plaintiff refused to stand and leave the

courtroom at the instruction of Officer Foo. ECF No. 34 at ¶¶ 12-17. Plaintiff was

pulled out of his seat to be removed and he resisted. ECF Nos. 33 at 8; 34 at ¶¶ 20-

33. Defendants insist that Officer Foo first used the lowest level of force, verbal

orders. ECF Nos. 33 at 8; 34 at ¶¶ 12-17. Defendants state when Plaintiff refused

and resisted, the officers' use of the takedown, fist strike, and knee strike were the

lowest level of force that could be used to control Plaintiff. The force ended when

Plaintiff released his grip and the officers were able to handcuff him. ECF No. 33

at 8-9.

As to the extent of Plaintiff's injury, Defendants note that Plaintiff refused

medical care and when he was later seen by medical for neck and side pain, he

stated the pain was better. ECF Nos. 33 at 8; 34 at ¶¶ 42-43. Plaintiff insists that

he wrote to medical personnel and it took three weeks for him to receive the

needed attention. ECF Nos. 15 at 6; 41 at 5. Yet, Plaintiff concedes that he

believes Sergeant Bliven told the nurse to check on Plaintiff's medical condition

once he was taken to segregated housing. ECF No. 41 at 5. Therefore, the Court

does not find Plaintiff's assertion that it took three weeks for medical staff to see

him persuasive when he admits that a nurse was instructed to see him once he was

taken to segregated housing. Plaintiff was assigned to segregated housing on the

same day as the incident. ECF No. 34 at ¶ 70. Moreover, Plaintiff has not alleged

or shown that these Defendants were in any way responsible for the alleged three-week delay in medical attention.

In regards to the nature of the threat reasonably perceived by the officers, Defendants argue that Plaintiff was in a courtroom with eight other unsecured inmates, court staff, and attorneys. ECF No. 33 at 9. Defendants insist that refusing to follow orders and resisting escort means that other inmates are not subject to control or supervision by the officers, potentially leading to a dangerous situation. *Id.* Therefore, Defendants assert that the factors outlined above weigh in Officer Foo's favor that the force was objectively reasonable. *Id.*

The Court finds that Plaintiff has not presented evidence from which a rational jury could find the force applied to him was in excess of what would have been objectively reasonable under the circumstances. Plaintiff repeatedly defied Officer Foo's verbal instructions to be silent and then to stand up and leave the courtroom. The type and amount of force was likely reasonable, as Officer Foo only resorted to force upon Plaintiff's refusal to cooperate and active resistance by locking his hands and twisting his body. Officer Foo ceased his use of force upon securing Plaintiff. The Court finds that any injury to Plaintiff was minimal and medical staff was instructed to promptly attend to any medical condition.

The Court determines that Plaintiff refused to be compliant in a situation where other unsecured inmates, staff, and attorneys were present. This situation

weighs in favor of finding that a reasonable officer would have physically subdued Plaintiff in the manner conducted by Officer Foo. It was reasonable for an officer to think that Plaintiff posed an immediate threat to the safety of the officers and others in the courtroom. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel ... [and] even when an institutional restriction infringes a specific constitutional guarantee ... the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security.").

Accordingly, the Court concludes that the level of intrusion on Plaintiff's person was minimal and there is no genuine issue of fact as to whether a reasonable level of force was used. Thus, summary judgment in favor of Officer Foo is appropriate for this incident.

Defendants assert that Officer Foo was not present during the alleged use of force on August 13, 2016 and did not personally participate, direct, nor observe any of the alleged violations of Plaintiff's rights. ECF No. 33 at 4. While Plaintiff contends he saw Officer Foo as he was leaving his cell, Officer Foo declared he was not present during the alleged incident. ECF Nos. 15 at 6; 41 at 6; 34 at ¶ 68; 36 at ¶ 26. The Court finds that Officer Foo is not liable for any alleged violations for the August 13, 2016 incident because he was not present, according to his sworn affidavit. ECF No. 36 at ¶ 26; *see also Leer*, 844 F.2d at 633. Plaintiff has

failed to raise a material issue of fact concerning Officer Foo's participation in the August 13, 2016 incident. Accordingly, summary judgment for Officer Foo is appropriate.

### B. Liability of Sgt. Bliven – July 27, 2016 & August 13, 2016 Incidents

Defendants contend that Sergeant Bliven was not present during the alleged use of force on July 27, 2016 and did not personally participate, direct, nor observe any of the alleged violations of Plaintiff's Eighth Amendment rights. ECF No. 33 at 4. The Court finds that Sergeant Bliven is not liable for any alleged violation on July 27, 2016, as the uncontested evidence shows he merely observed officers escorting Plaintiff from the elevator to the cell. Sergeant Bliven was not present for any use of force and cannot be held liable under § 1983. *See* ECF No. 34 at ¶ 40; *see also Leer*, 844 F.2d at 633. As concerns Sergeant Bliven, the Court therefore only considers the August 13, 2016 incident below.

Defendants contend that Plaintiff would not stop yelling and refused to obey a directive from Officer Vanatta to be quiet. ECF Nos. 33 at 11; 34 at ¶¶ 47-52. Defendants state that the lowest level of force was used, verbal orders, but Plaintiff refused to be quiet. ECF Nos. 33 at 11-12; 34 at ¶¶ 58-60. Plaintiff was defiant during escort and was then walked bent over. Plaintiff attempted to stand up against staff and he was then placed on the floor without force. ECF Nos. 33 at 12; 34 at ¶ 61-62. Defendants insist that there was no injury to Plaintiff. ECF No. 33

at 12. Plaintiff argues that he has scars from lacerations to both wrists and did not receive medical attention. ECF Nos. 15 at 6; 41 at 6.

Defendants argue that the nature of the threat was reasonably perceived by the officers because Plaintiff would not follow orders, was inciting other inmates with his screaming/loud singing, and was defiant during escort. ECF Nos. 33 at 12; 34 at ¶¶ 47-61. Defendants emphasize that efforts were made to temper the severity of the forceful response by verbal orders. ECF No. 33 at 12. Defendants insist that the force of walking bent over and then put on the ground was minimal to nonexistent. *Id.* Defendants thus argue that Sergeant Bliven's use of force was objectively reasonable. *Id.*

The Court determines that Plaintiff has not presented evidence from which a rational jury could find the force applied to Plaintiff was in excess of what would have been objectively reasonable under the circumstances. Plaintiff refused to obey a direct order by Officer Vanatta, leading to a potentially unsafe security problem with other inmates. A reasonable officer would have physically subdued Plaintiff in the same manner. Minimal force of walking bent over and being placed on the floor was used to gain control of Plaintiff after he actively resisted. The Court is not persuaded by Plaintiff's allegation of injuries from this minimal force. Accordingly, the Court finds that the level of intrusion on Plaintiff's person was

minimal and there is no genuine issue of fact as to whether a reasonable level of force was used.

**C. Liability of Officer Frantz – July 27, 2016 Incident**

The Court has considered Plaintiff's unverified Second Amended Complaint wherein Plaintiff contends, Officer Frantz "was involved and/or participated in the act of police brutality, which deprived the Plaintiff of his constitutional rights." ECF No. 32 at 2. No other facts are alleged against Officer Frantz in either the First or Second Amended Complaints. ECF Nos. 15, 32. Accordingly, Plaintiff's complaints do not pass the required screening, 28 U.S.C. § 1915A, they do not state a claim upon which relief may be granted. Accordingly, they must be dismissed as they concern Officer Frantz.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Normally, Plaintiff would once again be given the opportunity to amend, but in this case he was freely given that opportunity twice, despite that the Court's scheduling order required "Any motion to amend the pleadings or add parties shall be filed no later than October 6, 2017." ECF No. 27 at 2. No "good cause" has been shown to once again exceed or ignore the Court's scheduling order. Fed. R. Civ. P. 16(b)(4).

In addition to being late and failing to state a claim for relief, Plaintiff's claims against Officer Frantz obviously arise out of the operative facts that the parties briefed with respect to Officer Foo. As the Court found with Officer Foo, Plaintiff has not presented evidence from which a rational jury could find the force applied to him was in excess of what would have been objectively reasonable under the circumstances.

Accordingly, the Court concludes that the level of intrusion on Plaintiff's person was minimal and there is no genuine issue of fact as to whether a reasonable level of force was used. Thus, any further amendment of Plaintiff's complaints would be futile.

The Court has fully considered the claims in Plaintiff's Motion for Summary Judgment (ECF No. 41) in deciding the issues presented in this Order. Plaintiff's Motion for Summary Judgment not only does not show with admissible evidence that judgment should be entered in favor of Plaintiff, it does not demonstrate any disputed issue of material fact for trial. Accordingly, Plaintiff's claims are dismissed.

## III. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 33) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 41) is **DENIED as moot**.

3. Plaintiff's claims against all Defendants are **DISMISSED with prejudice**.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

1    The District Court Executive is directed to enter this Order, furnish copies to

2    the parties, and enter judgment in favor of Defendants.  The deadlines, hearings

3    and trial date are **VACATED.**  Each party to bear its own costs and expenses.

4         **DATED** March 30, 2018.


THOMAS O. RICE
Chief United States District Judge